UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 20-CV-24268

JUDY BAUDOIN, an individual,

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation,

        Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUDY BAUDOIN, by and through her undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES LTD, a Liberian Corporation, alleges and states as follows:

## THE PARTIES

1. Plaintiff, JUDY BAUDOIN, is a resident of the State of Louisiana.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD., is a corporation, organized and existing under and by virtue of the laws of Liberia. At all material times, Defendant, ROYAL CARIBBEAN, conducted business in Miami-Dade County, Florida, and maintained corporate headquarters at 1050 Caribbean Way, Miami, Florida 33132.

3. At all times material hereto, Defendant, ROYAL CARIBBEAN, owned, operated, managed, designed and maintained the cruise ship Symphony of the Seas, which was scheduled to set sail, and did set sail on November 16, 2019, from Fort Lauderdale, Florida.

4. At all times material hereto, Plaintiff, JUDY BAUDOIN, was a fare paying passenger on the cruise ship Symphony of the Seas for a voyage that departed from Fort Lauderdale, Florida, on November 16, 2019.

5. At all times material hereto, JUDY BAUDOIN, was a business invitee of Defendant, ROYAL CARIBBEAN, pursuant to the contractual common carrier relationship.

6. Plaintiff, JUDY BAUDOIN, by and through the undersigned, has provided Defendant, ROYAL CARIBBEAN, with formal written notice of her claim within six (6) months of the injury event in accordance with the terms and conditions of ROYAL CARIBBEANS's passenger ticket contract, and has otherwise satisfied all conditions precedent to the filing of this action.

## JURISDICTION

7. Plaintiff re-alleges paragraphs 1-6 as if fully set forth herein.

8. Defendant is subject to the Jurisdiction of this Court pursuant to 28 USC Section 1333, there is complete diversity of citizenship between the Plaintiff and Defendant, and by virtue of the terms and conditions of Defendant, ROYAL CARIBBEAN's passenger contract, Defendant has made itself subject to the jurisdiction of this Court.

9. This action is brought for damages in an amount in excess of $75,000.00, exclusive of attorney's fees and costs.

## COUNT I: NEGLIGENCE AGAINST ROYAL CARIBBEAN

10. Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

11. On or about November 16, 2019, Plaintiff, JUDY BAUDOIN, was scheduled to embark on a cruise on the Symphony of the Seas as a fare-paying passenger.

12. On or about November 16, 2019, the captain, officers, medical staff, and crew of the Symphony of the Seas were employees and apparent agents of ROYAL CARIBBEAN.

13. On or about November 16, 2019, JUDY BAUDOIN boarded the Symphony of the Seas and was advised by Defendant's employees and/or agents to proceed to her cabin onboard the ship.

14. At that time and place, while proceeding to her cabin, JUDY BAUDOIN tripped and fell as a result of her foot becoming tangled in a vacuum cleaner electrical cord that was plugged into the wall and laid across the hallway wherein passengers were traveling to their rooms.

15. Plaintiff sustained serious and debilitating injuries as a result of her trip and fall, which may have been aggravated by negligent medical care she received from Defendant, ROYAL CARIBBEAN, in the hours and days following her fall.

16. On November 16, 2019, Defendant, ROYAL CARIBBEAN including its agents, employees, officers and crew owed Plaintiff a duty of reasonable care under the circumstances.

17. On November 16, 2019, ROYAL CARIBBEAN through its agents, employees, officers and crew breached its duties of care and was negligent in one or more of the following:

    a. Creating a dangerous condition(s) upon its vessel. To wit; an electrical cord running across a hallway wherein passengers were traveling;

    b. Allowing a dangerous condition(s) to exist upon its vessel. To wit; an electrical cord running across a hallway wherein passengers were traveling;

    c. Failing to warn passengers, including the Plaintiff, of the hidden or latent dangerous condition(s). To wit; an electrical cord running across a hallway wherein passengers were traveling;

   d. Failing to avoid, eliminate and correct the dangerous condition(s) on its vessel. To wit; an electrical cord running across a hallway wherein passengers were traveling;

   e. Providing negligent emergency assistance which may have aggravated the Plaintiff's injuries; and

   f. Providing negligent medical care which may have aggravated the Plaintiff's injuries.

   g. Other acts of negligence yet to be discovered.

18. The negligent condition(s) created a foreseeable zone of risk posing a general threat of harm to Plaintiff.

19. Defendant created the dangerous condition(s).

20. Alternatively, the dangerous condition(s) existed for such a length of time that Defendant knew or should have discovered it through the exercise of reasonable care under the circumstances.

21. As a direct and proximate result of the negligence of ROYAL CARIBBEAN, Plaintiff, JUDY BAUDOIN, suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatment.

   WHEREFORE, Plaintiff, JUDY BAUDOIN, demands damages against Defendant, ROYAL CARIBBEAN, in excess of the Jurisdictional limits of this Court and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

   Plaintiff demands trial by Jury on all issues so triable.

Dated this 19th day of October, 2020.

        Respectfully Submitted,

        ROUSSO BOUMEL LAW FIRM
        Counsel for Plaintiff
        9350 South Dixie Highway, Suite 1520
        Miami, Fl. 33156
        Telf: (305) 670-6669
        Darren@roussolawfirm.com

By:   ***/s Darren J. Rousso***
        Darren J. Rousso, Esq.
        Florida Bar #0097410
        Direct email: darren@roussolawfirm.com
        Service emails:
        Pleadings@roussolawfirm.com (primary)
        Darren@roussolawfirm.com (secondary)
        Gen@roussolawfirm.com (secondary)
        Brett@roussolawfirm.com (secondary)